

FILED by _____ D.C.
ELECTRONIC

**Apr 25 2005**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.· MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 04-60602-CIV-MARRA/SELTZER

RICHARD LANE and
FAITH LANE,

      Plaintiffs,

v.

CAPITAL ACQUISITIONS AND
MANAGEMENT COMPANY
et al.,

      Defendants.

_____/

## DEFENDANTS OTHON, WOLDOFF, WAUGH, AND XYZ VENTURE PARTNERS, LLC.'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendants, XYZ VENTURE PARTNERS, LLC ("XYZ"), ERIC WOLDOFF("Woldoff"), GEORGE OTHON ("Othon") and REESE WAUGH ("Waugh"), by and through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8, 12(b)(2) and (6)[1], hereby move this Court for an Order to Dismiss the Complaint filed by Plaintiffs RICHARD LANE and FAITH LANE ("Plaintiffs"), and as grounds therefore allege the following:

    1.    Plaintiffs commenced this action against their former employer, Capital Acquisitions and Management Company ("CAMCO"), alleging claims for violations of the Fair

---

[1]Defendants Waugh and Othon move to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), and move in the alternative to dismiss pursuant to Rule 12(b)(6) and Rule 8.

**52/gp**

Labor Standards Act, 29 U.S.C. Section 201 et seq. ("FLSA"), and 42 U.S.C. Section 1981 ("Section 1981"). The Plaintiffs recently amended their Complaint to name Othon, Waugh, and Woldoff, CAMCO's corporate officers, as well as its alleged parent corporation XYZ as additional defendants. The gravamen of the Complaint is that the "Defendant" violated the FLSA by failing to pay overtime compensation, and violated Section 1981 by racially discriminating against the Plaintiffs. The Complaint is fraught with pleading deficiencies and is subject to dismissal for a variety of reasons.

2.      First, Plaintiffs brought this action in Florida against two Illinois residents, but they fail to allege a sufficient basis to assert jurisdiction under Florida's long-arm statute. As more fully set forth in the Affidavits of Waugh and Othon, attached hereto as Exhibits "A" and "B" respectively, at all times material to the allegations in the Plaintiffs' Complaint and continuing through the present day, the Defendants Waugh and Othon have been residents of the State of Illinois, and have no individual contact with the State of Florida.

3.      Plaintiffs basis for creating personal jurisdiction is premised entirely upon the notion that since Waugh and Othon are owners and officers of CAMCO, they fall within the ambit of the long-arm statute. However, it is well established that non-resident corporate officers and shareholders are not subject to personal jurisdiction when, as here, the only basis for jurisdiction relates to actions taken purely in their corporate, as opposed to individual, capacity. Moreover, it is irrefutable that neither Waugh nor Othon has sufficient minimum contacts with the State of Florida to satisfy constitutional due process standards. Plaintiffs' claims against Waugh and Othon should therefore be dismissed with prejudice.

4.      Second, the Plaintiffs fail to state a claim individually against Waugh, Woldoff,

and Othon under Section 1981 because they fail to set forth any allegations of personal conduct on the part of these Defendants which would link them to the allegedly discriminatory action. There are no allegations that they were personally involved in any way with the transfer of the Plaintiffs to the Florida office, their status as Level 1 collectors, their pay rates for partial shifts, or with the termination of the Plaintiffs' employment.   Plaintiffs cannot simply group the Defendants together, and then label their collective conduct as discriminatory. Since Section 1981 requires intentional conduct,  if there are no specific allegations of personal involvement by each Defendant, the claim should be dismissed.

5.      Third, it is well established that a corporate parent is insulated from liability for the acts of its subsidiary unless the two entities acted as an "integrated enterprise" or one is the alter ego of the other.  Neither theory is alleged in this case.   Instead, the Plaintiffs rely upon a single conclusory statement that XYZ is the corporate parent of CAMCO.  The mere fact that a parent-subsidiary relationship exists is insufficient to establish liability.  Plaintiffs are required to plead the basis of their claim against the corporate parent in order that XYZ can adequately respond to such claims.  Failure to do so necessitates a dismissal.

6.      Finally, the inherent pleading flaws are magnified by the fact that Plaintiffs lump all of the Defendants together in clear violation of Fed.R.Civ.Proc. 8.  There is no distinction made between the individual defendants versus the parent versus the subsidiary.  Instead, the entire Complaint is based upon the alleged conduct of the global "Defendant" which consists of five separate defendants, one of which is a corporate parent, two of which are non-residents, and three of which are being sued personally for corporate acts.   The importance of adhering to the

fair notice pleading requirements is critical where, as here, multiple parties are named. Accordingly, the Complaint should be dismissed for failure to comply with Rule 8.

WHEREFORE, Defendants XYZ VENTURE PARTNERS, LLC., ERIC WOLDOFF, GEORGE OTHON, and REESE WAUGH respectfully request that the Complaint be dismissed, and grant other and such further relief as may be just under the circumstances.

## MEMORANDUM OF LAW

### A.  Standard of Review

In ruling on a motion to dismiss, the court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 56-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). In considering a motion to dismiss, the court must take all material allegations of the complaint as true and liberally construe those allegations in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).

However, a plaintiff may not merely "label" claims to survive a motion to dismiss. *Blumel v. Mylander, 919 F. Supp. 423, 425 (M.D. Fla. 1996).* At a minimum, the complaint must provide a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley, 355 U.S. at 47 (quoting Fed. R. Civ. P. 8(a)(2)).* When, on the basis of a dispositive issue of law, no construction of the factual allegation will support the cause of action, the Complaint should be dismissed. *Ray v. Lowder, 2003 U.S. Dist.Lexis 2092 (M.D. Fla. 2003);* and *Olmsted v. Don Defosset et al., 205 F.Supp.2d 1316 (M.D. Fla. 2002).*

## B.  There is No Personal Jurisdiction As to Defendants
## Waugh and Othon Who are Illinois Residents

In order to determine whether personal jurisdiction exists over an out-of-state defendant, a court must conduct a two-pronged analysis.  First,  the court must assess where there is jurisdiction under the state's long-arm statute.   In this regard, Florida's long-arm statute states, in pertinent part:

> **48.193 Acts subjecting person to jurisdiction of courts of state**
> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>  (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>  (b) Committing a tortious act within this state.
>  ...
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Second, the court must decide whether the defendant has established sufficient minimum contacts with the state, such that the exercise of jurisdiction will satisfy due process and comport with traditional notions of fair play and justice. *Alternate Energy Corp. v. David Redstone*, *328 F.Supp.2d 1379 (S.D. Fla. 2004)*. The focus of the "minimum contacts" test is whether the defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. *See Burger King Corp. v. Rudzewicz,*

*471 U.S. 462, 475 (1985).*   Such a test can usually be satisfied if the defendant conducts substantial and not isolated activity in the forum state such that he can reasonably anticipate being hailed into court in that state. *Id.*

The plaintiffs must first plead facts that establish the basis of jurisdiction, at which point the burden shifts to the defendant to challenge the allegations through affidavits or other evidence. *Alternate Energy Corp., 328 F.Supp.2d at 379.*   Here, Plaintiff alleges in conclusory fashion that Defendants Waugh and Othon conducted business activities within the State of Florida, and that the Plaintiffs' cause of action arose out of such activities.   Specifically, Plaintiffs assert that jurisdiction exists because Othon and Waugh were involved in the operation of CAMCO, and Plaintiffs' suit is based upon their employment with CAMCO.  *See* Complaint at paragraph 9. As such, the sole jurisdictional allegations against Waugh and Othon relate to their alleged activities as corporate officers.

It is well-settled Florida law that personal jurisdiction does not lie against the officers of a corporation in the absence of sufficient allegations that such defendants did business or committed a tort in Florida as individuals, as opposed to their conduct as officers of the corporation. *Bloom v. A.H. Pond, Inc., 519 F.Supp. 1162 (S.D. Fla. 1981)*("[I]f the law were otherwise, any corporate employee could be forced to defend a suit in the Florida courts, regardless of what the individual did with respect to his employer's business so long as his employer engaged in business in this state. Nowhere does the plaintiff allege that the individual defendants were engaged in a business venture on their own behalf, as opposed to engaging in business on behalf of their corporate employer."); *Doe v. Thompson, 620 So.2d 1004(Fla. 1993)*(Florida Supreme Court adopted 'corporate shield 'doctrine which does not permit

jurisdiction over a corporate officer where the officer has no contacts with the state in his/her individual capacity); *Snibbe v. The Napoleonic Society of America, 682 So.2d 568 (2d DCA 1996)*("Because the non-residents were acting in their corporate capacity, section 48.193 is not applicable, and the court did not have personal jurisdiction over them"); *McDougal v. Mizrahi*, *636 So. 2d 138 (Fla. 3rd DCA 1994)* (holding that "[i]n the absence of sufficient allegations in the complaint that the non-resident appellants did business or committed a tort in Florida as individuals, as opposed to their conduct as officers of a corporation, there is no basis for asserting Florida jurisdiction over them pursuant to any applicable statute." ); *Washington Capital Corp. v. Milandco, Ltd., 695 So. 2d 838 (Fla. 4th DCA 1997)* (holding that developer failed to establish sufficient jurisdictional facts to support assertion of long-arm jurisdiction over principal of Pennsylvania finance company  where amended complaint contained no allegations that principal engaged in solicitation activities in Florida); *Bower v. C.J. Timm Investment Co., 630 So. 2d 678 (Fla. 2nd DCA 1994)* (holding that Texas citizen who was officer of corporation sued by Florida investor was not subject to jurisdiction of the court where affidavit did not allege that officer took any action other than in his corporate capacity).

Waugh and Othon's status as non-resident owners of CAMCO does not change this result. *Seabra v. International Specialty Imports, Inc. 869 So.2d 732 (4th DCA 2004)*(non-resident shareholder of defendant corporation was not subject to personal jurisdiction under long arm statute); *Aldea Communications, Inc., 725 So.2d 456 (2d DCA 1999)*(A non-resident shareholder of a corporation doing business in Florida may be subject to jurisdiction only where sufficient facts are alleged to pierce the corporate veil.); and *Suroor Bin Mohammed Al Nahuan v. First Investment Corp., 700 So.2d 139 (5th DCA 1997)*(Allegations that non-resident was sole

shareholder were insufficient to establish personal jurisdiction since plaintiff was required to allege that shareholder engaged in activity, apart from as agent for corporation.).

Plaintiffs' Complaint is devoid of allegations of any individual acts by either Waugh or Othon which would subject them personally to long-arm jurisdiction.  Further, the Affidavits of Defendants Waugh and Othon clearly refute any basis for establishing personal jurisdiction.  Aside from their roles as corporate officers and shareholders, neither Defendant has any individual ties to the State.   In fact, neither Waugh nor Othon has ever had involvement with the Lanes nor exercised any role with respect to their employment.   As such, there is no basis to assert jurisdiction under the long arm-statute, nor are there sufficient "minimum contacts" to comport due process.   The Complaint should accordingly be dismissed with prejudice as to Waugh and Othon.

**C.   The Complaint Fails to State a Claim for Violation of 42 U.S.C. Section 1981 Against The Individual Defendants Waugh, Othon and Woldoff**

This Court has held that "in order to impose individual liability upon corporate officers For violations of 42 U.S.C. Section 1981, a Plaintiff must not only allege specific instances of racial discrimination, but those allegations must demonstrate some affirmative link to causally connect the actor with the discriminatory action". *Norma Evans-Gadsen v. Bernstein Litowitz Berger & Grossman, 332 F. Supp.2d 592 (S.D.N.Y. 2004)*; *see also, Cason Enterprises, Inc. v. Metropolitan Dade County, 20 F.Supp.2d 1331 (S.D. Fla. 1998)*("''Because liability is premised upon intentional discrimination, personal involvement of a defendant is essential."); *Jean-Claude Franchitti v. Bloombeg, L.P.*, *2004 U.S. Dist. Lexis 21071  at \* 12 (S.D.N.Y. 2004)* ("Personal liability under section 1981 must be predicated on actor's personal involvement");

*McGee v. Illinois Deparment of Transportation*, 2004 U.S. Dist. Lexis 5453 at * 8-9 *(N.D. Ill 2004)* ("Without personal participation in the discrimination that is the subject of plaintiffs' alleged complaints, there can be no finding of intent to discriminate against plaintiffs under Section 1981... and thus no liability."); and *Weaver v. Norman J. Gross, 605 F.Supp. 210( Dist. of Columbia 1985)*(Complaint dismissed for failure to allege that individual officers personally participated in the acts giving rise to alleged Section 1981 claim).

Here, the Complaint is completely devoid of any specific allegations against Othon, Waugh or Woldoff which suggest that they **personally** participated in any alleged racial discrimination. Because the Complaint groups all defendants together under the term "Defendant", there is no plausible Section 1981 which has been properly alleged.  In fact, the only persons who are specifically named in the Complaint concerning these allegations are Brian Paxton, Lebrad Timmons, and Sam Thompson.  *See* Complaint at paragraphs 19 through 38. Plaintiffs fail to assert any factual or legal basis to impose personal liability.  There are no facts which are alleged as to the individual defendants which even remotely establishes a causal link between them and the allegations of discriminatory conduct.  Counts I, II, and III should accordingly be dismissed as to Waugh, Othon and Woldoff.

### D. <u>The Complaint Fails to State a Claim against XYZ as a Parent Corporation</u>

Plaintiffs purport to allege claims for violations of Section 1981 and the FLSA against XYZ based upon a single allegation that XYZ is "the corporate parent of  Defendant CAMCO". *See* Complaint at ¶ 7.   Other than a global reference to the term "Defendant", there are no specific allegations against  XYZ.

Under the "corporate veil" doctrine, a parent corporation is insulated from liability for the acts of its subsidiary absent allegations of an "integrated enterprise", or alter ego theories.  Here, there are no allegations whatsoever concerning the relationship between XYZ and CAMCO.  Plaintiffs rely entirely upon a conclusory statement that XYZ is the parent, and is therefore liable.  Plaintiffs' reliance is misplaced.

In *Calderon v. Southwestern Bell Mobile Systems, LLC, 2004 U.S. Dist. LEXIS 25356 (N.D. Ill. 2004)*, the District Court dismissed a Section 1981 claim against a corporate parent since the Complaint did not allege sufficient facts to establish the parent company's liability under a veil-piercing or alter-ego theory.  *2004 U.S. Dist. LEXIS at * 6-7.*    In so holding, the Court relied upon the "general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation is not liable for the acts of its subsidiaries."  *Id* ; *see also, McWilliams v. Tomkins Industries, 2004 U.S. Dist. LEXIS 27282 at *8 (D. Kan. 2004)*(Section 1981 claim dismissed since "mere existence of a parent-subsidiary relationship is not enough to impose liability on the parent.").

Plaintiffs' FLSA claim is similarly flawed because a parent corporation is only liable under the FLSA for the acts of subsidiaries when the various entities act as an "integrated enterprise." *Takacs. v. Hahn Automotive 1999 U.S.Dist. LEXIS 21694 (S.D. Ohio 1999); Szymula v. Ash Grove Cement Company 941 F.Supp. 1032(D. Kan. 1996)* .   The term "integrated enterprise" has been defined to include (1) interrelation of operations, (2) centralized control over labor operations, (3) common management, and (4) common ownership or financial control, *McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930 (11th Cir. 1987).* The Complaint contains no allegations concerning any of these factors.

Indeed, the sole allegation which purports to establish liability against XYZ  is a conclusory statement that it is the parent corporation.  The allegation that a parent-subsidiary relationship exists, without more,  is insufficient to withstand a motion to dismiss.

**E. The Complaint Does Not Comply with Fed. R. Civ. Proc. 8**

To satisfy the notice pleading standard under Rule 8, the Complaint must set forth a short and plain statement of the facts upon which the claim is based that is sufficient to give the defendant "fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley,* 335 U.S. at 47*; and May v. Shell Oil, 2000 U.S. Dist. Lexis 14818 at * 1-2 (S.D. Fla. 2000).*

A complaint fails to satisfy Rule 8 where the complaint lumps all the defendants together and fails to distinguish their conduct because such allegations fail to give adequate notice to the Defendants. *See e.g., Atuahene v. City of Harford, 2001 U.S. App. Lexis 11694 * at 3-4 (2d Cir. 2001)*("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, Atuahene's complaint failed to satisfy [the] minimum standard.")*; Appalachian Enterprise, Inc. v. EPayment Solutions et al., 2004 U.S. Dist. Lexis 24657 * at 19-22 (S.D.N.Y. 2004)*(Complaint failed to meet Rule 8 pleading requirements because the Plaintiff alleged that the wrongful acts were committed collectively by all defendants)*; and Medina v. Bauer, 2004 U.S. Dist. Lexis 910  * at 17-18 (S.D.N.Y. 2004)*("By lumping all the defendants together and failing to distinguish their conduct, plaintiff's amended complaint failed to satisfy the requirements of *Rule 8")* .

Here, Plaintiffs' Complaint makes general allegations against all of the named defendants, and sues each of them collectively as "Defendant."   As such, the individual Defendants cannot

determine from the face of the Complaint which acts or omissions for which Plaintiffs seeks to hold each of them liable.      The requirements of Rule 8 are particularly important here since: (1) the Plaintiffs seek to pierce the corporate shield, and hold the parent corporation liable; and (2) the Complaint attempts to establish personal liability on the corporate officers, two of which are non-residents.   Based on the foregoing authorities, the Court should dismiss the Complaint for failure to comply with Rule 8(a).

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was  mailed this 25th day of April 2005 to: Andrew P. Speranzini, Esq., Foley & Lardner, LLP, Phillips Point, 901 West Tower, 777 South Flagler Drive, West Palm Beach, Florida 33401, and Chris Kleppin, Glasser Boreth, Ceasar & Kleppin, 8751 W. Broward Blvd., Suite 105, Plantation, Florida 33324.

Respectfully submitted,
KATZ BARRON SQUITERO FAUST

Attorneys for Defendants
100 N.E. Third Avenue
Suite 280
Ft. Lauderdale, Florida 33301
Tel: 954-522-3636
Fax: 954-522-5119
Email: mls@katzbarron.com

By: s/*Michele L. Stocker*
MICHELE L. STOCKER
Florida Bar No.:  0044105

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 04-60602-CIV-MARRA/SELTZER

RICHARD LANE and
FAITH LANE,

     Plaintiffs,

v.

CAPITAL ACQUISITIONS AND
MANAGEMENT COMPANY
et al.,

     Defendants.

_____/

## AFFIDAVIT OF REESE WAUGH IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

STATE OF ILLINOIS      )
                     )
COUNTY OF  DeKalb     )

BEFORE ME, the undersigned authority, personally appeared REESE WAUGH, who

after being duly sworn, deposes and says:

    1.    I makes this Affidavit on personal knowledge and not on information or belief.

    2.    I am of majority age and otherwise <u>sui juris</u>.

    3.    I was a resident of the State of Illinois at all times material to the events alleged in

the Plaintiffs' Complaint, and I continue to be a resident of the State of Illinois.

    4.    I was an owner and officer of Capital Acquisitions and Management Company, a

defendant in this action ("CAMCO"). At all relevant times, CAMCO's principal place of

business was Illinois. CAMCO also had an office in Ft. Lauderdale, Florida. I visited the Ft.

Lauderdale office on no more than four isolated occasions, and have not visited that office in



over two years. These random visits were not systematic or continuous, and were isolated in nature.

5.      I have never met Richard nor Faith Lane. I was not personally involved in their termination or any aspect of their employment, and have no knowledge concerning any specific overtime issues relative to the Plaintiffs.

6.      I was a manager of XYZ Ventures, LLC ("XYZ"). In my individual capacity or as manager, I never had any involvement with any business activities of XYZ in the State of Florida. In fact, XYZ was dissolved in January 2003.

7.      At all times material to the allegations contained in the Plaintiffs' Complaint, I never individually :

      a.      operated, conducted, engaged in, or carried on a business or business venture in Florida, or had an office or agency in Florida;

      b.      committed a tortious act within Florida;

      c.      caused injury to persons or property within Florida arising out of an act or omission by me outside of Florida;

      d.      breached a contract in Florida by failing to perform acts required by the contract to be performed in Florida.

8.      At all times material to the allegations contained in the Plaintiffs' Complaint, and thereafter, I have never individually entered into any negotiations, conducted business nor otherwise engaged in any substantial activity within Florida.

9.      I do not own any real property in the State of Florida, nor do I have any bank accounts within the State of Florida. In fact, I have no contacts whatsoever with the State of Florida.

**FURTHER AFFIANT SAYETH NAUGHT**

REESE WAUGH

SWORN TO AND SUBSCRIBED before me this _22_ day of April , 2005, by

REESE WAUGH, who is personally known to me, or has produced _drivers license_ for

identification, and who did acknowledge that he signed the foregoing declaration and the same is

true and correct.

NOTARY PUBLIC
My commission expires:

"OFFICIAL SEAL"
AMY BLUMHAGEN
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 09/20/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 04-60602-CIV-MARRA/SELTZER

RICHARD LANE and
FAITH LANE,

       Plaintiffs,

v.

CAPITAL ACQUISITIONS AND
MANAGEMENT COMPANY
et al.,

       Defendants.

_____/

## AFFIDAVIT OF GEORGE OTHON IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

STATE OF ILLINOIS     )
                     )
COUNTY OF KANE    )

    BEFORE ME, the undersigned authority, personally appeared GEORGE OTHON, who

after being duly sworn, deposes and says:

    1.    I makes this Affidavit on personal knowledge and not on information or belief.

    2.    I am of majority age and otherwise sui juris.

    3.    I was a resident of the State of Illinois at all times material to the events alleged in

the Plaintiffs' Complaint, and I continue to be a resident of the State of Illinois.

    4.    I was an owner and officer of Capital Acquisitions and Management Company, a

defendant in this action ("CAMCO"). At all relevant times, CAMCO's principal place of

business was Illinois. CAMCO also had an office in Ft. Lauderdale, Florida. Prior to its

opening, I visited the building where the Ft. Lauderdale office was located on a single occasion,



**EXHIBIT**
tabbies®
B

over three years ago. This single visit was not systematic or continuous, and was isolated in nature.

5.  I have never met Richard nor Faith Lane. I was not personally involved in their termination or any aspect of their employment, and have no knowledge concerning any specific overtime issues relative to the Plaintiffs.

6.  I was a manager of XYZ Ventures, LLC ("XYZ"). In my individual capacity or as manager, I never had any involvement with any business activities of XYZ in the State of Florida. In fact, XYZ was dissolved in January 2003.

7.  At all times material to the allegations contained in the Plaintiffs' Complaint, I never individually :

      a.  operated, conducted, engaged in, or carried on a business or business venture in Florida, or had an office or agency in Florida;

      b.  committed a tortious act within Florida;

      c.  caused injury to persons or property within Florida arising out of an act or omission by me outside of Florida;

      d.  breached a contract in Florida by failing to perform acts required by the contract to be performed in Florida.

8.  At all times material to the allegations contained in the Plaintiffs' Complaint, and thereafter, I have never individually entered into any negotiations, conducted business nor otherwise engaged in any substantial activity within Florida.

9.  Although my wife and I were considering the purchase of a condominium unit in Sunny Isles, and made a deposit, that transaction was not consummated, and I do not own any real property within the state. Further, I do not have any bank accounts within the State of

Florida. In fact, I have no contacts whatsoever with the State of Florida.

**FURTHER AFFIANT SAYETH NAUGHT**

_____
GEORGE OTHON

SWORN TO AND SUBSCRIBED before me this 22nd day of April , 2005, by

GEORGE OTHON, who is personally known to me, or has produced  IL Drivers Lic  for

identification, and who did acknowledge that he signed the foregoing declaration and the same is

true and correct.

_____
NOTARY PUBLIC
My commission expires:

OFFICIAL SEAL
BEVERLEY J. CARAM
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES MARCH 07, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 04-60602-CIV-MARRA/SELTZER

RICHARD LANE and
FAITH LANE,

       Plaintiffs,

v.

CAPITAL ACQUISITIONS AND
MANAGEMENT COMPANY
et al.,

       Defendants.
_____/

## ORDER ON DEFENDANTS' OTHON, WOLDOFF, WAUGH, AND XYZ VENTURE PARTNERS, LLC MOTION TO DISMISS

      THIS CAUSE having come before this Court upon the Defendants' XYZ VENTURE

PARTNERS, LLC, ERIC WOLDOFF, GEORGE OTHON, and REESE WAUGH'S  Motion to Dismiss,

and this Court having reviewed the Motion, and being otherwise duly advised, it is hereby ORDERED

and ADJUDGED that:

_____

_____

_____

     DONE and ORDERED in Chambers, Broward County, Florida this ____day of _____, 2005

_____
HON. KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies Furnished To:
Michele L. Stocker (954)522-5119
Chris Kleppin (954)474-7405
Andrew P. Speranzini (561)655-6925