UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60602-CIV-MARRA/SELTZER

RICHARD LANE AND FAITH LANE

     Plaintiffs

vs.

CAPITAL ACQUISITIONS AND
MANAGEMENT COMPANY, a
business entity, XYZ VENTURE
PARTNERS, L.L.C., a Florida
limited liability company, ERIC
WOLDOFF, an individual,
GEORGE OTHON, an individual,
and REESE WAUGH, an individual

     Defendants.
_____/



FILED by _____ D.C.

APR 14 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER AND OPINION

THIS CAUSE is before the Court upon Defendants Othon, Woldoff, Waugh, and

XYZ Venture Partners, LLC's Motion to Dismiss [DE 52].  On March 16, 2006, the Court

conducted a status conference and heard oral argument on the Motion to Dismiss.

The Court has carefully reviewed the Court file, all of the filings, and is otherwise

fully advised in the premises.

Plaintiffs' complaint contains three counts of alleged violations of the Civil

Rights Act of 1991, 42 U.S.C. §1981 *et seq.*  ("Section 1981"), and one count for

violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").[1]  Plaintiffs

_____

[1] Count I is a claim of disparate treatment, labeled Terms and Conditions of
Employment; Count II is a claim for discriminatory discharge; Count III is a claim of

commenced this action against their former employer, Capital Acquisitions and Management Company ("CAMCO") and amended the Complaint to add CAMCO's corporate officers Eric Woldoff ("Woldoff"), George Othon ("Othon"), and Reese Waugh ("Waugh"), individually, and XYZ Venture Partners, L.L.C. ("XYZ"), CAMCO's parent.   CAMCO was placed into receivership in December 2004.  It was after this event that CAMCO's parent corporation XYZ Venture Partners, LLC, and its individual owners and officers were added as defendants to the Complaint.  The claims against CAMCO are stayed pending resolution of the bankruptcy matter.  Plaintiffs have clarified that the only claim against the individual Defendants is for overtime pursuant to the Fair Labor Standards Act.  DE 53 at 2.

The gravamen of the FLSA claim is that Richard Lane and Faith Lane ("the Lanes" or "Plaintiffs") were required to work without proper payment for their overtime.  Defendants make numerous challenges to the complaint, including lack of personal jurisdiction over Waugh and Othon, failure to assert a claim against the individual defendants and XYZ, and that the Amended Complaint impermissibly alleges conduct of a global "defendant" which consists of five separate defendants.

---

retaliation; and Count IV is a claim for recovery of overtime compensation.

Facts[2]

Plaintiffs "worked for the Defendant[3] in its Rockford, Illinois office as collectors, and began working in that office in late 2002." Am. Compl. ¶ 19  "The Lanes were experienced collectors, with proven track records in the Defendant's Rockford, Illinois branch." Am. Compl. ¶ 20.  "In early 2004, Faith Lane wound up transferring to the Defendant's Fort Lauderdale, Florida office, at the request of the Defendant's officials in Rockford, Illinois." Am. Compl. ¶ 21.  Both Faith Lane and her husband Richard Lane worked in the Fort Lauderdale office until they were terminated on March 19, 2004.  Am. Compl. ¶¶ 25, 27, 33.  In the course of their employment in Fort Lauderdale, the Lanes regularly worked in excess of 40 hours per workweek, but were not paid time and one-half for all hours worked in excess of 40 during a workweek.  Am. Compl. ¶ 36-37.

## STANDARD OF REVIEW

### Personal Jurisdiction

A federal district court may exercise personal jurisdiction over a nonresident defendant when it "has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and

---

[2] These facts, for the most part, are quoted directly from the Amended Complaint and accepted, for purposes of this motion, as true.  At this time, the Court is only considering the facts relevant to the FLSA claim.

[3] Plaintiffs group all the defendants together; they often refer to the group as a single "defendant," and they do not distinguish their conduct.

substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (internal quotation marks omitted). The burden is on the plaintiff to demonstrate the existence of constitutionally sufficient minimum contacts with the forum; if the plaintiff does so, the defendant bears the burden of showing that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985).

Defendants Othon and Waugh have submitted affidavits in support of their motion to dismiss for lack of personal jurisdiction. While the consideration of such materials ordinarily would convert a motion to dismiss into one for summary judgment, see Fed.R.Civ.P. 12(b), in the context of personal jurisdiction the motion remains one to dismiss even if evidence outside the pleadings is considered. *Bracewell v. Nicholson Air Services, Inc.*, 748 F.2d 1499, 1501 n.1 (11th Cir. 1984).

Absent an evidentiary hearing, the plaintiff need not prove the existence of personal jurisdiction by a preponderance of the evidence; rather, the plaintiff's burden is to establish a prima facie case of personal jurisdiction. *E.g., United States Sec. & Exch. Comm'n v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997). A prima facie case requires "enough evidence to withstand a motion for directed verdict." *Id.* (internal quotes omitted). In determining whether the plaintiff has established a prima facie case, the Court must accept as true all allegations of the complaint that are not controverted by evidence submitted by the defendant. *E.g., id; Bracewell*, 748 F.2d at 1504. If the allegations of the complaint do not themselves establish a

prima facie case of personal jurisdiction, or if they are controverted by the defendant's evidence, the plaintiff must respond with affirmative evidence to supply the deficiency. *Posner v. Essex Insurance Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999). If the plaintiff does so, its evidence is to be credited even if it conflicts with the defendant's evidence. *E.g., Molina v. Merritt & Furman,* 207 F.3d at 1356; *Morris v. SSE, Inc.* 843 F.2d 489, 492 (11th Cir. 1988).

## DISCUSSION

### Defendants Waugh and Othon[4]

Defendants Waugh and Othon move to dismiss this action under Federal Rule of Civil Procedure 12(b)(2). A court must conduct a two-part inquiry when deciding the issue of personal jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623 (11th Cir. 1996). First, the court must determine whether the applicable state statute governing personal jurisdiction is satisfied. *Sculptchair,* 94 F.3d at 626. If the requirements of the long-arm statute are satisfied, then the court must inquire as to (1) whether defendant has established sufficient "minimum contacts" with the state of Florida; and (2) whether the exercise of this jurisdiction over defendant would offend "traditional notions of fair play and substantial justice." *Id.* at 630-31 (quoting *International Shoe v. Washington,* 326 U.S. 310 (1945)).

---

[4] Plaintiffs clarify in their response to the motion to dismiss that the only claim they are asserting against Waugh, Othon and Eric Woldoff individually is under the FLSA. See DE 53 at 2. Woldoff has not moved to dismiss the complaint on the basis of personal jurisdiction because he is a resident of Florida. DE 57 at 3.

Defendants Waugh and Othon assert that the Plaintiffs have not alleged a sufficient basis to assert personal jurisdiction over them.  The relevant portion of the Amended Complaint is as follows:

> 9.      Defendants George Othon and Reese Waugh are individuals who conducted substantial and continuous business in the Southern District of Florida, and are subject to the laws of the United States and of the State of Florida.  Othon and Waugh are owners of both XYZ and CAMCO, and had knowledge that both of these entities were not properly paying collectors for overtime that they were due, but did nothing to rectify the situation.  Therefore, Othon and Waugh are nonresident defendants which were engaged in business activities in the State of Florida, and the Lanes' cause of action arises out of such activities.  Because of these ties to the State of Florida, Waugh and Othon had sufficient minimum business contacts with the State of Florida for the long-arm statute to apply in order to secure *in personam* jurisdiction over them.  The individual Defendants ran the day-to-day operations of the business, and knew that the Lanes (and other collectors) were not being paid the overtime that they were due, and knew that collectors were entitled to overtime, because the State of Illinois's Department of Labor investigated the Defendant for failure to pay overtime to collectors, and required that the Defendant compensate those collectors for their back pay.

Am. Compl. ¶ 9.  Plaintiffs maintain that since they allege that Waugh and Othon ran the day-to-day operations of the business and knowingly allowed their employees not to be paid overtime, they operated a business in this state and they committed a tortuous act in Florida.  Thus, Plaintiffs contend Defendants are subject to personal jurisdiction under Florida's long-arm statute, Fla. Stat. § 48.193(1)(a-b).

**Florida's Long-Arm Statute[5]**

Plaintiffs assert that Waugh and Othon are subject to personal jurisdiction under Section 48.193(1)(a-b) of the Florida long-arm statute.  This provision states:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (b) Committing a tortious act within this state.

Fla. Stat. § 48.193.

Waugh and Othon attach affidavits to their motion to dismiss that contain specific factual allegations which challenge personal jurisdiction.  Waugh and Othon aver that they are residents of the State of Illinois, that they have had only isolated contact with the State of Florida, and that they did not have any involvement whatsoever with the Plaintiffs' employment and little, if any, involvement with CAMCO's Florida operations.  *See* DE 52, Ex. A and B.

---

[5] The reach of Florida's long-arm statute is a question of Florida law and, therefore, federal courts are required to construe the long-arm statute as would the Florida Supreme Court. *See, Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.,* 701 F.2d 889, 890 (11th Cir. 1983).

As these affidavits make a prima facie showing of the inapplicability of the statute,[6] the Plaintiffs are required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint. *Future Technology Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247, 1249 (11th Cir. 2000). Initially in response, Plaintiffs did not submit any counter-affidavits, testimony, or documentary evidence to substantiate their basis for personal jurisdiction over Waugh or Othon. Over eight months later, Plaintiffs moved to file supplemental materials in response to the Defendants' (Partial) Motion to Dismiss and the Court granted the motion.

Plaintiffs have now submitted excerpts from the deposition of Michelle Long, a CAMCO employee in Illinois, to rebut Defendants' affidavits. Plaintiffs assert that Ms. Long's testimony shows that the Defendants operated a business in the state of Florida. Each line alleged to make this showing was reviewed during the hearing. Each example cited by Plaintiffs did not make such a showing. Ms. Long's testimony did not contradict the affidavits of Waugh and Othon. When lead by Plaintiffs' counsel, Ms. Long's deposition testimony drew legal conclusions which have no bearing on establishing jurisdiction. In addition, during the cross-examination, Ms. Long admitted that she was never at the Fort Lauderdale CAMCO office, she had no

---

[6] The Court notes, *sua sponte*, that the failure to pay overtime is not a tortious act within the meaning of Fla. Stat. § 48.193(1)(b). *See Parker v. King*, 935 F.2d 1174, 1178 (11th Cir. 1991) (recognizing that claims to recover compensation for violations of the FLSA do not sound in tort).

involvement with that office, and "can't say anything for what happened in Fort Lauderdale." DE 136, Ex. A at 68-69. Significantly, when she was questioned about the individual defendants' knowledge about overtime issues in Fort Lauderdale, Ms. Long admitted that "I really can't speak for what was going on in Fort Lauderdale. I wasn't there. I have no idea." DE 136, Ex. A at 44-45.

The jurisdictional facts in the Waugh and Othon Affidavits remain unrebutted. While Ms. Long's testimony, at best, could possibly support a finding of liability against Defendants, Plaintiffs have offered no evidence to substantiate personal jurisdiction.[7] Plaintiffs also argue that anyone carrying on business in the State of Florida is subject to long-arm jurisdiction. In so arguing, Plaintiffs fail to recognize that, as a matter of law, conduct of non-resident corporate officers and shareholders, taken in their corporate, as opposed to individual capacity, does not subject them to personal jurisdiction. *Bloom v. A.H. Pond, Inc.*, 519 F.Supp. 1162, 1170-71 (S.D. Fla. 1981).

> In order for a non-resident corporate officer to be subject to personal jurisdiction in Florida, it must be established that the officer acted not only in his capacity as agent for the corporation, but that he acted individually, for his own benefit, and thereby caused harm in the forum state. *Doe v. Thompson*, 620 So.2d 1004, 1006 (Fla.1993). In the Doe case, the complaint alleged simple negligence on the part of the non-resident corporate director and did not allege that his actions were

---

[7] As Plaintiffs' counsel acknowledged at the hearing, jurisdiction and liability are two separate inquiries. The fact that a defendant would be liable under a statute if personal jurisdiction over him could be obtained is irrelevant to the question of whether such jurisdiction can be exercised.

particularly targeted to cause harm in Florida.  Thus, the Court concluded that the Defendant was protected by the corporate shield doctrine[8] and that he could not be haled into court in Florida in his personal capacity. The Doe Court specifically noted, however, that in accordance with Florida Statutes, Section 48.193(1)(b), a non-resident corporate officer may be haled into court in Florida if it is alleged that he personally committed an intentional tort expressly aimed at the plaintiff in the forum state.  *Id.* at 1006, n.1.

*Black v. Bryant*  905 F.Supp. 1046, 1052 (M.D. Fla. 1995).  Waugh's and Othon's alleged actions in violation of the FLSA, the only claim against them, are not alleged to have been taken outside their duties as officers or owners of CAMCO.  Acts of a corporate officer performed in a corporate capacity may not form the basis for personal jurisdiction over the corporate officer in their individual capacity.  *Id.*  As Plaintiffs have not pled any other theory for finding personal jurisdiction over Waugh or Othon, the complaint must be dismissed as to Waugh and Othon individually, for lack of jurisdiction over the person.

---

[8] "The [corporate or] fiduciary shield doctrine is a judicially created principle that precludes the exercise of personal jurisdiction over nonresident corporate agents or employees who are acting in the forum state in their role as corporate agents or employees. The rationale of the doctrine is that it is unfair to force an individual to defend a suit brought against the party personally in a forum where the individual's only relevant contacts are acts performed not for personal benefit but for the benefit of the employer." 79 A.L.R.5th 587 (2000).  "The rationale of the doctrine is 'the notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer.'" *Doe v. Thompson*, 620 So.2d 1004, 1006 (Fla. 1993) (quoting *Estabrook v. Wetmore*, 529 A.2d 956, 959 (N.H. 1987)).

**The Complaint is Vague and Conclusory**

Defendants move to dismiss the complaint for failing to comply with Fed.R.Civ.P. 8 ("Rule 8"). To satisfy the notice pleading standard under Rule 8, a complaint must set forth a short and plain statement of the facts upon which the claim is based that is sufficient to give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Center for Choice, Inc.* 253 F.3d 678, 683 (11th Cir. 2001) (citing *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. 1981)).

In this case, the Complaint fails to differentiate among the defendants, alleging instead violations by a collective "defendant," even though there are five defendants consisting of three individuals and two corporations , one parent and its subsidiary. By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8. *Atuahene v. City of Hartford,* 10 Fed.Appx. 33, 34 (2nd Cir. 2001); *Median v. Bauer,* 2004 WL 136636, *6 (S.D.N.Y. 2004) (a plaintiff fails to satisfy Rule 8 where the complaint lumps all the defendants together and fails to distinguish their conduct because such allegations fail to give adequate notice to the

11

defendants as to what they did wrong) (internal marks and citations omitted).  As such, the individual defendants cannot determine from the face of the Complaint which acts or omissions the Plaintiffs seek to hold each of them liable.  The requirements of Rule 8 is particularly pertinent here since the Plaintiffs are suing both a parent corporation and its subsidiary.  *See, e.g., MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F.Supp.2d 1346, 1357 (S.D. Fla. 2000) (in order to pierce the corporate veil and impute the Florida subsidiaries' activities directly to the defendants, plaintiffs would have to allege a) that the subsidiaries are mere instrumentalities of the parent, and b) that the defendants engaged in "improper conduct" in the formation or use of the subsidiary); *Aldea Communications, Inc. v. Gardner*, 725 So.2d 456 (Fla. 2nd DCA 1999).  Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

Defendants Othon, Woldoff, Waugh, and XYZ Venture Partners, LLC's Motion to Dismiss [DE 52] is GRANTED in part.  Defendants Othon and Waugh are dismissed from this action.   Plaintiffs shall file a Second Amended Complaint within ten days of the date of this Order which complies with Fed.R.Civ.P. 8.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ⟋⟍ day of April, 2006.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
All counsel of record

12