UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60602-CIV-MARRA/SELTZER

RICHARD LANE AND FAITH LANE

      Plaintiffs

vs.

CAPITAL ACQUISITIONS AND
MANAGEMENT COMPANY, a
business entity, XYZ VENTURE
PARTNERS, L.L.C., a Florida
limited liability company,
ERIC WOLDOFF, an individual,
GEORGE OTHON, an individual,
and REESE WAUGH, an individual

      Defendants.

_____/

## ORDER AND OPINION DENYING
## MOTIONS FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon the Plaintiff's [sic] Motion For Partial

Summary Judgment as to Overtime And Personal Jurisdiction [DE 127], Defendant Eric

Woldoff and XYZ Venture Partners, LLC's Cross-Motion For Summary Judgment [DE

166], and Defendant Eric Woldoff's Amended Suggestion of Bankruptcy [DE 174].

Pursuant to Eric Woldoff's ("Woldoff") Suggestion of Bankruptcy filed November 6,

2006, and 11 U.S.C. § 362(a)(1), this action is stayed as to Woldoff.

## INTRODUCTION

Plaintiffs commenced this action against their former employer, Capital

Acquisitions and Management Company ("CAMCO").  Plaintiffs subsequently amended

the Complaint to add CAMCO's corporate officers Eric Woldoff ("Woldoff"), George

Othon ("Othon"), and Reese Waugh ("Waugh"), individually, and XYZ Venture Partners, L.L.C. ("XYZ"), CAMCO's dissolved parent, as defendants.   CAMCO was placed into receivership in December 2004 and an involuntary bankruptcy proceeding was initiated against it in April of 2005.  As a result, and pursuant to 11 U.S.C. § 362(a)(1), the claims against CAMCO in this case were stayed pending resolution of the bankruptcy matter.  *See* DE 82.

The instant motion was filed in March 2006.  In April 2006, the Court granted defendants Waugh and Othon's Motion to Dismiss after determining that this Court had no personal jurisdiction over these corporate officers in their individual capacities.  *See* DE 146.  Because the motion for partial summary judgment was filed before the Court dismissed Waugh and Othon, Plaintiffs' motion addresses Waugh and Othon extensively.  Since Waugh and Othon are now dismissed from this action, Woldoff and XYZ are the only defendants against whom Plaintiffs' motion may be considered.  As the claims against Woldoff are now stayed due to his filing a suggestion of bankruptcy, Plaintiffs' motion for partial summary judgment may only be considered as to XYZ.

In their motion for partial summary judgment, Plaintiffs argue that: (1) the Court should exercise personal jurisdiction over Waugh and Othon, and (2) XYZ is liable for overtime under a "joint employer" theory.  XYZ responds that, as a holding company with no operations, it is insulated from liability for the acts of its subsidiary, CAMCO.

## UNDISPUTED MATERIAL FACTS

The Lanes are former employees of CAMCO, a collection company.  Third Amended Complaint ("Compl.") ¶ 19.  XYZ was the corporate parent or holding company for CAMCO.   Answer, DE 163, ¶ 8.  XYZ is now dissolved.  Compl. ¶ 7.

## STANDARD OF REVIEW

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(c).  The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact that should be decided at rial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When the non-moving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a moving party has discharged its burden, the nonmoving party must "go beyond the pleadings," and, by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial.  *Celotex,* 477 U.S. at 324.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material

3

facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  A mere "scintilla" of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the party opposing the motion.  *Witter v. Delta Air Lines, Inc.*, 138 F.3d 1366, 1369 (citations and quotations omitted).  The Court must "avoid weighing conflicting evidence or making credibility determinations." *Hilburn v. Murata Electronics N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999).  Rather, the determination is whether there are any genuine issues of fact which should properly be resolved by the fact finder because they can be resolved in favor of either party. *Anderson,* 477 U.S. at 250.

## DISCUSSION

**I.      Plaintiffs' Motion For Partial Summary Judgment as to Overtime And Personal Jurisdiction**

**Personal Jurisdiction Over Corporate Officers**

Since this Court has already dismissed defendants Othon and Waugh from this action for lack of personal jurisdiction over them, this issue is not properly before the Court.  By time Plaintiffs filed a reply to their motion for partial summary

4

judgment, they had received the Court's Order dismissing Othon and Waugh.  In their reply memorandum, Plaintiffs "request that the Court convert the summary judgment request for personal jurisdiction to a motion for reconsideration."  DE 167 at 1.

A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993).  A motion for reconsideration is appropriate where (1) an intervening change in controlling law has occurred; (2) new evidence has been discovered; or (3) there is a need to correct clear error or prevent a manifest injustice.  *Williams v. Cruise Ships Catering & Svc. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994); *see also* 18 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4478 (1981).

Plaintiffs have presented no evidence or case law in support of their request. Plaintiffs merely refer the Court to their Motion for Summary Judgment, which, as mentioned above, was filed before the Court issued its ruling on the lack of personal jurisdiction over Othon and Waugh.

In the Order and Opinion dismissing Othon and Waugh from this action, the Court pointed out that Plaintiffs had failed to recognize that, as a matter of law, conduct of a non-resident corporate officer taken in his corporate, as opposed to individual capacity, does not subject him to personal jurisdiction here in Florida.

5

*Bloom v. A.H. Pond, Inc.*, 519 F.Supp. 1162, 1170-71 (S.D. Fla. 1981); *Black v. Bryant*

905 F.Supp. 1046, 1052 (M.D. Fla. 1995).  Plaintiffs do not address this conclusion of

law whatsoever.  For failure to present any reason why the Court should reconsider

its prior ruling, the request to reconsider dismissing Othon and Waugh for lack of

personal jurisdiction will be denied.

**XYZ's Role**

 In their Third Amended Complaint ("Complaint"), Plaintiffs allege one count

for recovery of overtime compensation under the Fair Labor Standards Act (29

U.S.C.A. § 201, *et seq.*, hereinafter "the FLSA").  As to XYZ, Plaintiffs allege that:

(1) XYZ is the corporate parent of defendant CAMCO; (2) XYZ is an employer pursuant

to 29 U.S.C. § 203(d) of the FLSA; (3) XYZ constitutes an "enterprise" pursuant to 29

U.S.C. § 203(r) of the FLSA; and (4) XYZ is an enterprise "engaged in commerce"

pursuant to 29 U.S.C. § 203(s) of the FLSA.  Compl. ¶¶ 7, 10-13.  Plaintiffs also allege

that the Lanes were both non-exempt employees of XYZ who worked in excess of 40

hours during one or more workweeks and that XYZ failed to comply with 29 U.S.C. §§

201-219 in that the Lanes performed services for XYZ for which no provision was made

to pay for those hours in which overtime was required to be paid.  Compl. ¶¶ 15-16.

XYZ knew that the Lanes were working overtime, but the Lanes were not paid time

and one-half for all hours worked in excess of 40 during a workweek.  Compl. ¶¶ 35-

36.

 XYZ opposes Plaintiffs' motion for partial summary judgment claiming that as a

holding company, it cannot be held liable as an "employer" for purposes of the FLSA.

XYZ argues that as a parent corporation, it can only be considered an "employer"

under the FLSA if it exercises day-to-day control over the employees at issue.

Otherwise,  XYZ argues, a parent is insulated from liability for the acts of its

subsidiary absent proof that it and the subsidiary are an "integrated enterprise."[1]

XYZ states that because Plaintiffs have not pointed "to a scintilla of evidence which

would establish that XYZ, or any of its owners acting on behalf of XYZ, exercised any

day-to-day control whatsoever over the Plaintiffs," summary judgment must be

denied.  DE 165 at 3.

**Employment Status**[2]

The overtime wage provisions of the FLSA apply only to workers who are

"employees" within the meaning of the Act.  Title 29 U.S.C. § 206(a)(1).  Under the

FLSA, an "employee" is defined as "any individual employed by an employer."  29

U.S.C. § 203(e)(1).  An "employer" includes "any person acting directly or indirectly

in the interest of an employer in relation to an employee and includes a public

---

[1]  "Over the past decade, numerous courts have drawn upon theories and rules developed in the related area of labor relations in determining when separate business entities are sufficiently interrelated for an employee whose Title VII rights have been violated to file a charge against both entities. Thus the rule has emerged that superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer.  Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control."  *Trevino v. Celanese Corp.*, 701 F.2d 397, 403-04 (5th Cir. 1983).

[2]  "A determination of employment status under the FLSA is a question of federal law." *Jeanneret v. Aron's East Coast Towing, Inc.*, No. 01-8001, 2002 WL 32114470 at *2 (S.D. Fla.  June 29, 2002) (citing *Antenor v. D & S Farms*, 88 F.3d 925, 933 (11th Cir. 1996)).

agency, . . ."  29 U.S.C. § 203(d).  To "employ" is defined as to "suffer or permit to

work."  29 U.S.C. § 203(g).  The Supreme Court has held that courts should apply

these terms in light of the "economic reality" of the relationship between the

parties.  *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961).

     The economic reality test includes inquiries into whether the alleged employer

(1) had the power to hire and fire the employees, (2) supervised and controlled

employee work schedules or conditions of employment, (3) determined the rate and

method of payment, and (4) maintained employment records.  *Villarreal v.

Woodham*, 113 F.3d 202, 205 (11th Cir. 1997) (citing *Bonnette v. California Health &

Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)).  In utilizing the economic

realities test, courts must look at the surrounding circumstances of the whole

activity.  *See, Aimable v. Long & Scott Farms,* 20 F.3d 434, 439 (11th Cir. 1994);

(citing *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730 (1947)).  *See also,

Hodgson v. Griffin and Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973).

**<u>Merits of Plaintiffs' Case</u>**

     Plaintiffs seek summary judgment that XYZ is liable for CAMCO's alleged FLSA

violations because XYZ was a "joint employer" with CAMCO and "benefited [sic] from

the Lanes' toil."  DE 127 at ¶ 9.  Plaintiffs assert that "[h]olding multiple corporate

employers (*e.g.*, parents and subsidiaries) liable under the FLSA has occurred since

the adoption of those statutes.  The Eleventh Circuit has held that with respect to a

parent and subsidiary, the focus is whether *the parent has a 'sufficient connection'*

8

*with the subsidiary to fairly hold the parent liable.  Jackam v. Hospital Corp. Of Am.*, 800 F.2d 1577, 1580, 1581 (11th Cir. 1986)."  DE 127 at 12 (emphasis in original). Plaintiffs urge the Court to reject the "economic reality" test in favor of a straight application of the Department of Labor's regulations, 29 C.F.R. § 791.2(b)(2-3), which state that when multiple corporate entities benefit from having an individual suffer or permit to work, both entities are liable.

Plaintiffs' reliance upon *Jackam* is misplaced.  In *Jackam*, the district court was faced with a motion to dismiss, not a motion for summary judgment, as we have here.   800 F.2d at 1580-81.  Moreover, *Jackam*, was not a FLSA case.  Under the FLSA, courts apply the economic realities test to determine whether a parent is, in fact, a joint employer for purposes of the FLSA.  *See Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996); *Donovan v. New Floridian Hotel,* 676 F.2d 468, 470 (11th Cir. 1982); *see also Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 325-26 (1992) (explaining that the definition of employ in the FLSA is expansive and collecting cases).  The touchstone of "economic reality" in analyzing a possible employee/employer relationship for purposes of the FLSA is dependency.  The courts look at all of the surrounding circumstances of the "whole activity" to determine whether the putative employee is economically dependent upon the alleged employer.  *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961); *Aimable v. Long & Scott Farms*, 20 F.3d 434, 439 (11th Cir. 1994).

In their motion for summary judgment, Plaintiffs rely exclusively upon the

9

following deposition testimony of Michelle Long, CAMCO's collection/training

manager, as evidence demonstrating that XYZ should be held liable for CAMCO's

alleged FLSA violations:

Attorney:     Would you agree with me that each of the collectors, when they would

              go to work every day, that their work in collecting this money, getting

              the numbers, so to speak, that that benefitted CAMCO?

Long:         Yes.

Attorney:     If CAMCO was owned by one company, XYZ Corporation, and it has that

              as its parent, and it's a wholly-owned subsidiary, would you agree with

              me that the work the collectors performed would also have benefitted

              XYZ?

Long:         Yes.

Long Depo. at 90-91.

        This testimony alone does not establish, as a matter of law, that XYZ jointly

employed the Lanes with CAMCO.  It does not affirmatively satisfy any of the

questions of the "economic realities" test, which requires that a court consider all

the circumstances of the parties' actual working relationship.  *See Rutherford Food

Corp.*, 331 U.S. at 730.   The evidence presented in support of this motion is

inadequate.  There is no evidence whatsoever regarding the Lanes' work activities

and the circumstances surrounding XYZ and CAMCO's relationship to the Lanes.

Material issues of fact remain with regard to all the inquiries suggested by the

10

"economic realities" test.  Accordingly, Plaintiffs' Motion For Partial Summary

Judgment as to Overtime And Personal Jurisdiction will be denied.

II.     **Defendant Eric Woldoff and XYZ Venture Partners, LLC's Cross-Motion For**

**Summary Judgment**

As the claims against Woldoff are now stayed due to his filing a suggestion of

bankruptcy, the cross-motion for summary judgment filed jointly by Woldoff and XYZ

will be considered as filed solely by XYZ.[3]  XYZ's motion, consisting of no more than

one page of argument, asserts that XYZ cannot be held liable for overtime under the

Fair Labor Stands Act because Plaintiffs have not pointed to any evidence which

would establish (i) that XYZ exerted any operational control over CAMCO, (ii) that

there was centralized control over labor operations, or (iii) that there was common

management.  While the Court agrees, as explained above, that Plaintiffs have not

presented any evidence that would establish, as a matter of law, that XYZ jointly

employed the Lanes with CAMCO, the converse is also not true:  The absence of such

evidence does not establish, as a matter of law, that XYZ did not jointly employ the

Lanes with CAMCO.

Summary judgment may be granted only when evidence, such as deposition

testimony, answers to interrogatories, and admissions on file, together with

affidavits, if any, show that there is no genuine issue as to any material fact.  Fed. R.

---

[3]  When the stay is lifted as to Woldoff, Woldoff may reassert this motion.

Civ. P. 56(c).  By moving for cross-summary judgment, it is XYZ's responsibility to show the Court, by reference to the record, that XYZ did not, as a matter of law, jointly employ the Lanes.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "[I]t is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id.*   XYZ has not met its burden.  The Lanes' failure to procure summary judgment in their favor in no way mandates a grant of summary judgment in XYZ's favor.  Therefore, in accordance with the findings made above, it is hereby

   **ORDERED AND ADJUDGED** that Plaintiff's [sec] Motion For Partial Summary Judgment as to Overtime And Personal Jurisdiction [DE 127] is **DENIED**; and Defendant XYZ Venture Partners, LLC's Cross-Motion For Summary Judgment [DE 166] is **DENIED.**

   **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of February, 2007.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record