UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60602-CIV-MARRA/JOHNSON

RICHARD LANE and FAITH LANE,

                Plaintiffs,

v.

CAPITAL ACQUISITIONS AND
MANAGEMENT COMPANY, a business
entity, et al.

                Defendants.
_____

**REPORT AND RECOMMENDATION
ON PLAINTIFFS' VERIFIED MOTION TO TAX COSTS
AGAINST XYZ VENTURE PARTNERS, L.L.C.**

**THIS CAUSE** is before the court on Plaintiffs' Verified Motion to Tax Costs Against Defendant XYZ Venture Partners, L.L.C. (DE 211). The Motion is now ripe for adjudication.[1] Because some of Plaintiffs' listed costs are not authorized under 28 U.S.C. § 1920, and because some of the expenses enumerated lack sufficient information to demonstrate that the monies expended were reasonably or necessarily incurred, the undersigned recommends Plaintiff's Motion be granted in part and denied in part.[2]

**I. BACKGROUND**

In their Motion, Plaintiffs seek a total of $7,601.97 in costs, broken down as follows:

---

[1] The Motion at bar results from the entry of the December 18, 2007, Final Judgment (DE 209) in this matter on behalf of Plaintiffs and against Defendant XYZ Venture Partners, L.L.C., which allowed Plaintiffs to move for the taxation of costs.

[2] For the sake of convenience in following the undersigned's analysis, the items will be addressed in the same order as that set forth by Plaintiffs in their Motion.

$267.90 for copy costs; deposition costs of $4,232.07; $2,832.00 for service of process for deposition subpoenas; deposition witness fees of $120.00; and a $150.00 docket fee. Recognizing that as prevailing parties Plaintiffs are entitled to costs, the undersigned has carefully reviewed the argument, itemization, and supporting invoices for which Plaintiffs seek reimbursement.  The record does not reflect any objections or response to Plaintiffs' Motion, and the time has now passed for Defendant XYZ to take any such actions.

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 54(d)(1) provides that:  "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."  Taxation of costs is a matter left to a district court's discretion.  Trammel Real Estate Corp. v. Trammel, 748 F.2d 1516, 1517 (11th Cir. 1984).  The United States Supreme Court limits the costs that may be reimbursed to a prevailing party by the list of items set forth in 28 U.S.C. § 1920 and other related statutes.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

### a. Costs Related to Service of Process for Subpoenas.

Plaintiffs argue that they should be reimbursed for the total costs expended in serving deposition subpoenas in this matter.  In that regard, they rely primarily on EEOC v. W&O, Inc., 213 F.3d 600 (11th Cir. 2000).  In W&O, as a matter of first impression, the Eleventh Circuit recognized that fees of private process servers may be taxed as costs pursuant to 28 U.S.C. § 1920(1).  213 F.3d at 623-24.  The W&O court commented that since Section 1920's enactment, "the method of serving civil summonses and subpoenas has changed," adding that [t]he U.S. Marshal no longer has that responsibility in most cases, but rather a private party must be employed as process server." 213 F.3d at 623.

The W&O court went on to observe that 28 U.S.C. § 1920(a) does not require paying only the U.S. Marshal, but that the reference pertains to the "fees of the marshal" as authorized under 28 U.S.C. § 1921.  W&O, 213 F.3d at 624.

The minimum charge per hour for service of process by a U.S. Marshals Service employee is "$45.00 per hour (or portion thereof) for each item served . . ., plus travel costs and any other out-of-pocket expenses."[3]  28 C.F.R. § 0.114.  Plaintiffs acknowledge that under the provisions of 28 U.S.C. § 1921 and the holding in W&O, the U.S. Marshals' rate governs.  DE 211 at 5.  Nonetheless, Plaintiffs argue that because the "process serving companies . . . charged a flat rate, as opposed to a per-hour charge for service," and as a result of "the costs [incorporating] extra charges for time spent locating witnesses, and for out-of-pocket expenses," the court should allow the full charges as set forth in Plaintiffs' Motion for each service of process exceeding $45.00.  Plaintiffs, however, do not provide any information as to difficulty or the need for additional time required in "locating witnesses," nor do they identify specific out-of-pocket expenses pertaining to any service.

Further, the court notes that, with the exception of the subpoena served on Capital Acquisitions and Management Company, effected by Legal Support Resources, Inc., which charged a fee of $35.00 (DE 212, Ex. 1 at 4), Accurate Support Resources performed all other subpoena service (DE 212, Ex. 1 at 5-23).  The record shows that the two local (i.e., Florida) charges by Accurate Support Resources were $40.00 in one instance and $30.00 in the other (DE 212, Ex. 1 at 7 & 8).  The balance of the charges, pertaining to individuals outside the State of Florida, all far exceed $45.00, and, as earlier noted, there is no

---

[3] These rates are set by the Attorney General by authority granted under 28 U.S.C. § 1921(b).

explanation for such costs, other than Plaintiffs' statement that a "flat fee" was the standard. DE 212 at 5. Because of lack of an explained, valid reason to exceed the allowable statutory rate, the undersigned finds that only $45.00 should be allowed for each subpoena served. Also, Plaintiffs' Motion indicates that eighteen individuals were served with subpoenas. When matching those names and the respective amounts to the support provided in Exhibit 1 to the Motion, however, the court notes that there is a triplication of the charges for service on David Kapp. See DE 212, Ex. 1 at 15 & 22 (showing the same $125.00 for service on Kapp on December 19, 2005); see also Id. at 23 (showing payment by a different check also for service on David Kapp on December 19, 2005).[4] Consequently, the undersigned finds that the proper charges to be allowed should be $45.00 for service on seventeen witnesses for a total of $765.00, which includes only one service of process on Mr. Kapp.

Plaintiffs' invoices also show Federal Express charges related to out-of-state service of some subpoenas. Three of the invoices contain charges of $30.00 per invoice (DE 212, Ex. 1 at 9, 10 & 17), while another one lists a $25.00 charge (DE 212, Ext. 1 at 16). Plaintiffs do not present the court with precedent to allow recovery for Federal Express charges, and 28 U.S.C. § 1920 does not identify such expense as taxable.

Additionally, a review of the invoices submitted in support of the service of some of the out-of-state subpoenas shows a "priority fee." DE 212, Ex. 1 at 9, 10, 13, 16, 17, & 20. The priority fees differ, with five being listed at $50.00 (id. at 9, 10, 13, 16 & 20), and one at $100 (id. at 17). Once more, there is no explanation whatsoever for these expenses,

---

[4] This third charge does not appear in the body of Plaintiff's Motion.

to and including the reason for their divergence.

Even though 28 U.S.C. § 1920 does not list any type of expedited delivery as a taxable cost, in some instances an express delivery has been allowed. Compare Tank How v. Edward G. Gerrits, Inc., 756 F.Supp. 1540, 1545 (S.D. of Fla. 1991) (citing Conner v. Winter, 519 F.Supp. 512, 517-19 (N.D. Miss. 1980) (allowing taxing of "express mail services" on basis of affidavits, testimony and documentary evidence), with Johnson v. Communications Supply Corp., 2006 WL 3709620 at *1-2 (S.D. Fla. 2006) (denying rush fees, same-day services fees and Federal Express charges). Here, Plaintiffs do not provide any viable justification for incurring either Federal Express or priority fees. As a result, the undersigned finds that all said fees should be denied.

   b. **Witness Deposition Fees.**

Plaintiffs request a total of $120.00 for witness fees. DE 211 at 6, § B. Witness fees are an allowed taxable cost under 28 U.S.C. § 1920(3), set at $40.00 per witness, as provided in 28 U.S.C. § 1821(b). Plaintiffs' invoices in support of the witness fees, however, only corroborate the fee paid to Jodie Othon, showing it as $46.00. DE 212, Ex. 1 at 10. There is no information provided for payment either to Jane Keating or to David A. Kapp, as listed in Plaintiffs' Motion. DE 212 at 6, § B. Consequently, the undersigned finds that only $40.00 should be allowed on the basis of statutory authority as a taxable witness fee to Jodie Othon.

   c. **Copying Costs.**

Under 28 U.S.C. § 1920(4) "[f]ees for the exemplification and copies of papers necessarily obtained for use in the case" is allowed. W&O, 213 F.3d at 623. The Motion at bar seeks a total of $267.90 for 1,410 copies at 19¢ per page. DE 212 at 7. Plaintiffs

represent to the court that each copy made was "of a document . . . submitted to the Court, to the opposing counsel, or . . . for use in the office," adding that the "documents . . . include correspondence sent to opposing counsel, copies for documents electronically filed with the Court (one copy only), copies for documents hand-filed with the Court pre-CM/ECF, exhibits, discovery documents, and copies retained by counsel."[5] DE 212 at 7-8. The court finds this explanation to be a too shallow, cursory and open-ended description lacking sufficient detail to determine the copies that were truly needed in the prosecution of this matter versus the ones that fall in the category out-of-pocket cost of litigating and the ones made for the convenience of counsel, which are not taxable under 28 U.S.C. § 1920(4). See Cullens v. Georgia Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994) (upholding disallowance of copying costs without evidence of use or intended use of copies) (citation omitted); see also W&O, 213 F.3d at 623 (qualifying allowance of copying costs to documents introduced into evidence or submitted to court). Plaintiffs' own description of some of the copies made as being "for use in the office" (DE 212 at 7) allows a clear inference that some of the copying was made for internal use aimed at the convenience of counsel, which, as earlier noted is not taxable. Because of the inability to identify fairly the number of documents that Plaintiffs "reasonably believed [were] necessary to copy," (W&O, 213 F.3d at 623), the undersigned finds that the $267.90 in copying costs should be disallowed.

### d. Court Reporting and Stenographic Transcript Costs.

The taxing of deposition costs is allowed under 28 U.S.C. § 1920(2) depending on

---

[5] Plaintiffs indicate that a 19¢ charge "is very close to what the copier is actually costing undersigned counsel's firm." DE 212 at 7.

whether or not "the deposition was wholly or partially 'necessarily obtained for use in the case.'"  W&O, 213 F.3d at 620 (citing Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1982) (quoting § 1920(2)).  Here, Plaintiffs provide sufficient explanation to show the court that the depositions of Michelle Long, David Kapp, Reese Waugh, Jodie and George Othon, and Eric Woldoff fit into the category of "necessarily obtained for use in the case."  DE 212 at 10.  Similarly, the undersigned is persuaded that court reporter's attendance fees for said depositions are also proper, because as Plaintiff's aver, "without [the court reporter] the depositions could not have been taken."  DE 212 at 11.  In the same vein, copies of the transcripts of Plaintiffs' depositions would reasonable serve a purpose within the "necessarily obtained" category because of, among other things, be used in preparation for trial.

The court, however, notes that there is a discrepancy in the amounts listed in Plaintiffs' Motion for deposition costs and the supporting documentation.  In particular, the Motion requests $326.07 for the deposition of Michelle Long, and Plaintiffs provide a copy of a check dated September 4, 2007, in that same amount.  DE 212 at 11; Id., Ex. 1 at 25.  Nonetheless, there is a charge of $315.50 for a "certificate of non-appearance" for the deposition of Michelle Long scheduled for December 20, 2005, as well as a billing for $702.50 (including original transcript, per diem and postage) pertaining to Ms. Long's deposition on January 27, 2006.  DE 212, Ex. 1 at 24, 26.  Plaintiffs neither explain the discrepancy in the aforestated dates, nor why a court reporter's appearance and a simple certificate that the witness did not appear would so far exceed the charges for a court reporter's appearance in other instances.  See, e.g., DE 212, Ex. 1 at 28 (charging $100.00 attendance fee); see also id. at 30, 32 (reflecting attendance fees of $110.00).  As a result,

the court finds the $315.50 charge to be excessive for a court reporter's appearance and preparation of a certificate of non-appearance by the witness. A more reasonable amount would be $150.00 for said appearance and the certificate, which the undersigned recommends be allowed.

Similarly, even though there is a copy of a check for $326.07, provided by Plaintiffs as indicated above, it is not identified as relating to Michelle Long's deposition, which, as earlier noted, has discrepancies in the stated dates and alleged costs involved. Consequently, the court finds that the improperly identified $326.07 cost should not be allowed. Finally, even though Plaintiffs list the cost of the deposition transcripts for Reese Waugh, Jodie Othon and George Othon as being $1,060.00, the supporting document shows the figure as an "estimated cost" (DE 212, Ex. 1 at 34), with the actual billing totaling $1,055.25. Therefore, only $1,055.25 is recommended as a taxable cost for the aforesaid deposition transcripts.

Finally, there is included in the deposition costs category a "Franklin Court Reporting–Hearing Transcript" for $200.00. There is no information provided on this expense or the need to incur it. Hence, the undersigned finds that it should be disallowed. Based on the foregoing analysis of deposition/transcript costs, the total recommended allowance of costs for all said expenses is, therefore, $3,851.25.

   e. **<u>Docket Fee.</u>**

28 U.S.C. § 1920(5) allows taxing a docket fee. Therefore, the court finds that the requested $150.00 filing fee is a proper item to be taxed in this matter.

   f. **<u>Interest Flowing from a Final Judgment.</u>**

The Eleventh Circuit allows an award of interest as to taxed costs, with the interest

calculated pursuant to the provisions of Title 28 U.S.C. § 1961(a).  Georgia Assoc. of Retarded Citizens v. McDaniel, 855 F.2d 794, 799 (11th Cir. 1988).  According to 28 U.S.C. § 1961(a), the post judgment interest calculation starts on the date of entry of the judgment based on a rate equal to the weekly average one year constant maturity Treasury yield published by the Board of Governors of the Federal Reserve System the week before the date of entry of the judgment.  The Honorable Kenneth A. Marra, United States District Court Judge, entered the Final Judgment in this matter on December 18, 2007.  Hence, the one year constant maturity Treasury yield applicable as an interest rate on the monies allowed as costs herein would be for the Treasury's report for the week ending on December 14, 2007.  That interest amount is 3.20%.[6]

### III. CONCLUSION

As prevailing parties in this action, Plaintiffs are entitled to recover certain costs against Defendants.  The costs sought by Plaintiffs are excessive and should be reduced in accordance with the foregoing analysis.  It is therefore,

**RECOMMENDED** that:

1. Plaintiffs' Motion (DE 211) be **GRANTED IN PART AND DENIED IN PART**;

2. Plaintiffs recover from Defendant XYZ Venture Partners, L.L.C. a total of $4,846.25 broken down as follows:

---

[6] See www.federalreserve.gov, all statistical releases, weekly, using reported rate for the week ending on December 14, 2007.

| | | |
|---|---|---:|
| | a. Service of Process for Deposition Subpoenas | $ 765.00 |
| | b. Deposition Witness Fees | 40.00 |
| | c. Deposition Transcripts | 3,851.25 |
| | d. Witness Fee–Judy Othon | 40.00 |
| | e. Docket Fee | 150.00 |
| for a total of: | | $4,846.26 |

**IT IS FURTHER RECOMMENDED** that:

3.  All copying costs in the amount of $267.90 be **DENIED**;

4.  Interest on the aforementioned recommended recoverable amount of $4,846.25 run at a rate of 3.20% from the date of entry of the Final Judgment in this action (December 18, 2007).[7]

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections to it, if any, with the Honorable Kenneth A. Marra, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  <u>Resolution Trust Corp. v. Hallmark Builders</u>, 996 F.2d 1144, 1149 (11th Cir. 1993); <u>LoConte v. Drugger</u>, 847 F.2d 745, 749 (11th Cir. 1988).

---

[7] The record in this matter shows Plaintiffs' pending Motion to Alter or Amend Final Judgment (DE 211), on which Judge Marra has not yet ruled.  Any change pertaining to a final adjudication in this matter, however, does not alter the date of the original finding for the Plaintiffs. <u>Georgia Ass'n of Retarded Citizens</u>, 855 F.2d at 799.  Therefore the calculation of interest on the costs award relates back to December 18, 2007, the original Final Judgment date.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Florida, this 5th day of February, 2008.

_____
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

Copies to:   Honorable Kenneth A. Marra, United States District Judge
             All Counsel of Record